IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SOUTHLAND INDUSTRIES,<br><br>*Plaintiff*,<br><br>v.<br><br>INDIAN HARBOR INSURANCE COMPANY, OLD REPUBLIC INSURANCE COMPANY, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,<br><br>*Defendants*. | No.   23-607 |

## NOTICE OF REMOVAL

Defendant Indian Harbor Insurance Company ("Indian Harbor") removes this action from the Circuit Court for Baltimore City, Maryland ("State Court") to the United States District Court for the District of Maryland.

### REQUIREMENTS FOR REMOVAL

1. Plaintiff Southland Industries filed this action in the State Court on February 10, 2023, where it was captioned *Southland Industries v. Indian Harbor Insurance Company*, No. 24-C-23-000990. Thus, this notice of removal is filed less than "one year after commencement of the action." 28 U.S.C. § 1446(c).

2. Plaintiff served Indian Harbor on February 23, 2023. Thus, this notice of removal is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1).

3. Because this removal arises under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Their time to do so runs 30 days from the time they were first "served with

process or a complaint." *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 925 (4th Cir. 1992). Defendant Old Republic Insurance Company has consented to this notice of removal. Indian Harbor anticipates that all defendants will timely join this notice.

4. A copy of the State Court Complaint is attached as Exhibit A. *See* 28 U.S.C. § 1446(a); Local Rule 103.5. To Indian Harbor's knowledge, no other process, pleadings, or orders have been served on Indian Harbor.

5. "Promptly after the filing of [this] notice of removal," Indian Harbor will file the notice attached as Exhibit B with the Clerk of the State Court, thereby notifying "all adverse parties" and the State Court of this removal. 28 U.S.C. § 1446(d).

## REQUIREMENTS FOR DIVERSITY JURISDICTION

6. Plaintiff "is a California corporation with its principal place of business in California." Ex. A ¶ 3. Indian Harbor is a Delaware corporation with its principal place of business in Connecticut. *See* Ex. A ¶ 4. Old Republic is a Pennsylvania corporation with its principal place of business in Pennsylvania. *See* Ex. A ¶ 5. National Union is a Pennsylvania corporation with its principal place of business in New York. *See* Ex. A ¶ 6. Thus, diversity of citizenship exists between Plaintiff, on the one hand, and all defendants, on the other hand.

7. The amount in controversy in this action is in excess of $75,000, exclusive of interest and cost—the underlying lawsuit seeks more than $15 million. *See* Ex. A ¶ 18. Removal of this lawsuit is thus authorized by 28 U.S.C. §1441(a), because this Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1).

        Respectfully submitted,

          /s/ Ezra S. Gollogly
        Ezra S. Gollogly (28088)
        Joseph Dudek (20261)
        KRAMON & GRAHAM, P.A.
        One South Street, Suite 2600
        Baltimore, Maryland 21202
        (410) 752-6030 telephone
        (410) 539-1269 facsimile
        egollogly@kg-law.com
        *Attorneys for Travelers*

## CERTIFICATE OF SERVICE

I certify that a copy of this notice, along with all exhibits, was served by email and prepaid first-class mail on March 3, 2023 upon:

Laura A. Freid-Studlo
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC  20036
laura.studlo@pillsburylaw.com

*Attorneys for Plaintiff*

          /s/ Ezra S. Gollogly
        Ezra S. Gollogly (28088)

4853-8479-4452, v. 2